**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISON**

CAT 7

B066

| | |
|---|---|
| **LORI COLTOGIRONE AND MARTHA AGGAZIO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**GATEWAY HEALTH PLAN, INC.,**<br><br>*Defendant*. | Civil Action No. __20-CV-605__<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION/FED. R. CIV. P. 23** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1.      Plaintiffs Lori Coltogirone and Martha Aggazio ("Plaintiffs") bring this lawsuit to recover unpaid overtime wages and other damages from Gateway Health Plan, Inc. ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

**BACKGROUND**

2.      Defendant is a managed care organization that provides services to Medicaid and Medicare enrollees.

3.      Defendant is a subsidiary of Highmark Inc., which, together with its health insurance subsidiaries and affiliates, is among the ten largest health insurers in the United States and the fourth largest Blue Cross and Blue Shield-affiliated organization.

4.      Defendant is a Pennsylvania state-licensed Health Maintenance Organization.

5.      Defendant holds an accreditation as a Medicaid HMO from the National Committee for Quality Assurance.

1

6.      Defendant's business consists of contracting with state (Medicaid) and federal (Medicare) agencies to operate government-sponsored health plans in exchange for a fixed monthly fee per health plan enrollee.

7.      Defendant has entered into contracts to provide managed care services on behalf of government-sponsored health plan customers in Pennsylvania, Delaware, West Virginia, Kentucky, Ohio and North Carolina. [1]

8.      Neither Defendant nor its employees provide direct medical care to health plan enrollees.

9.      Instead, Defendant contracts with and pays patient care providers to provide healthcare services to Medicaid and/or Medicare health plan enrollees.

10.     Defendant provides utilization review and case management services to its health plan customers to attempt to reduce the costs of medical care.

11.     Defendant employed Plaintiffs and other individuals to perform case management and utilization review services under various non-managerial job titles in its "Clinical Services" job family[2] that include one or more of the following terms or variations of those terms: (1) Case/Care Manager; (2) Care Coordinator; and (3) Utilization Review/Management[3] (collectively, "Managed Care Employees").

12.     Defendant paid some or all of its Managed Care Employees on a salary basis.

---

[1] *See* www.pagoppolicy.com/Display/SiteFiles/112/2018Hearings/medicaidreform/GatewayHealth-MedicaidManagedCareinPA.pdf (last visited April 11, 2020).

[2] https://careers.highmarkhealth.org/ (providing a "Career Area" dropdown box with over twenty job families, including Defendant's "Clinical Services" job family) (last visited April 11, 2020).

[3] This includes job titles that include the abbreviation "UM" (Utilization Management) or "UR" (Utilization Review).

13.     Some or all of Defendant's Managed Care Employees regularly worked over 40 hours per week for Defendant.

14.     Defendant classified some or all of its Managed Care Employees as exempt from state and federal overtime laws and did not pay them overtime pay when they worked over 40 hours in individual workweeks.

15.     Defendant misclassified Care Management Employees as exempt from state and federal overtime laws.

16.     The case management and utilization review duties performed by Plaintiffs and other Managed Care Employees consisted of collecting information to document health plan enrollees' medical circumstances (data collection); inputting that medical information into Defendant's computer systems (data entry); applying well-established criteria and guidelines to maximize utilization of plan resources (utilization management); coordinating care by performing ministerial tasks, including arranging appointments and referrals and obtaining necessary authorizations (care coordination); supplying individuals with information to educate them about their health plans and community resources (education); and other similar work (collectively, "Managed Care Work").

17.     The Managed Care Work performed by Plaintiffs and other Care Management Employees was non-exempt work.

18.     Plaintiffs bring this action on behalf of themselves and other similarly situated Managed Care Employees who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in one or more individual workweeks in violation of the of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

19.     Plaintiffs also bring class action claims under Pennsylvania state law under the Pennsylvania Minimum Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

20.     Plaintiffs bring their state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Care Management Employees for all earned overtime pay.

## THE PARTIES

21.     Plaintiff Coltogirone worked for Defendant as a Managed Care Employee from November 2013 to September 2017.

22.     Plaintiff Aggazio worked for Defendant as a Managed Care Employee from September 2015 to August 2018.

23.     Defendant's principal place of business is located in Pittsburgh, Pennsylvania, within this Judicial District.

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

25.     This Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

26.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District and substantial activities took place in Pittsburgh, Pennsylvania related to Plaintiffs' claims.

27.     Venue is also proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS

4

28.     Plaintiffs worked as Managed Care Employees for Defendant.

29.     During her employment with Defendant, Plaintiff Coltogirone's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

30.     During her employment with Defendant, Plaintiff Aggazio's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

31.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

32.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

33.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

34.     During her employment with Defendant, Plaintiff Aggazio's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

35.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include administering patients' medicine or treatments.

36.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include administering patients' medicine or treatments.

5

37.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include operating or monitoring medical equipment.

38.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include operating or monitoring medical equipment.

39.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include performing or helping to perform diagnostic tests.

40.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include performing or helping to perform diagnostic tests.

41.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include analyzing the results from diagnostic tests.

42.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include analyzing the results from diagnostic tests.

43.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include diagnosing human responses to actual or potential health problems.

44.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include diagnosing human responses to actual or potential health problems.

45.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include interviewing patients to consider or advise them regarding alternative treatments.

46.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include interviewing patients to consider or advise them regarding alternative treatments.

47.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include providing medical opinions on treatment and medication.

48.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include providing medical opinions on treatment and medication.

49.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not include determining whether an issue should be referred for an independent medical evaluation.

50.     During her employment with Defendant, Plaintiff Aggazio's job duties did not include determining whether an issue should be referred for an independent medical evaluation.

51.     During her employment with Defendant, Defendant required Plaintiff Coltogirone to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

52.     During her employment with Defendant, Defendant required Plaintiff Aggazio to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

53.     During her employment with Defendant, Plaintiff Coltogirone's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines that she was required to follow in the performance of her job duties.

54.     During her employment with Defendant, Plaintiff Aggazio's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines that she was required to follow in the performance of her job duties.

55.     Defendant suffered and permitted Plaintiff Coltogirone to work over 40 hours in one or more individual workweeks during the last three (3) years.

56.     Defendant suffered and permitted Plaintiff Aggazio to work over 40 hours in one or more individual workweeks during the last three (3) years.

57.     During her employment with Defendant, Plaintiff Coltogirone worked over 40 hours in one or more individual workweeks during the last three (3) years.

58.     During her employment with Defendant, Plaintiff Aggazio worked over 40 hours in one or more individual workweeks during the last three (3) years.

59.     Defendant classified Plaintiff Coltogirone as exempt from the overtime provisions of the FLSA and the PMWA.

60.     Defendant classified Plaintiff Aggazio as exempt from the overtime provisions of the FLSA and the PMWA.

61.     Defendant paid Plaintiff Coltogirone a salary.

62.     Defendant paid Plaintiff Aggazio a salary.

63.     When Plaintiff Coltogirone worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

64.     When Plaintiff Aggazio worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one-and-one-half times her regular rate of pay.

## COVERAGE UNDER THE FLSA

65.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

66.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

67.     Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

68.     During her employment, Plaintiff Coltogirone was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

69.     During her employment, Plaintiff Aggazio was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

70.     During her employment, Defendant was Plaintiff Coltogirone's "employer" as defined under the FLSA in § 203(d).

71.     During her employment, Defendant was Plaintiff Aggazio's "employer" as defined under the FLSA in § 203(d).

**COLLECTIVE ACTION ALLEGATIONS**

72.     Plaintiffs brings their FLSA claims as a collective action.

73.     Plaintiffs' consent form to participate in this collective action as party plaintiffs are attached to this Complaint as Exhibit A.

74.     The collective action is defined as follows:

**All individuals employed by Defendant as Managed Care Employees in the last three years who were paid a salary and were classified as exempt from overtime ("Collective Action Members").**

75.     Plaintiffs are similarly situated to the Collective Action Members because they were paid in the same manner and performed the same primary job duties.

76.     During their employment, Collective Action Members were Defendant's "employees" as defined by the FLSA, 29 U.S.C. § 203(e).

77.     During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA, § 203(d).

78.     Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

79.     Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

80.     The following are some of the questions of law and fact that are common to the Collective Action Members:

    a.   Whether Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b.   Whether Defendant improperly classified Plaintiffs and the Collective Action Members as exempt from the overtime provisions of the FLSA;

    c.   Whether Plaintiffs and the Collective Action Members worked more than forty (40) hours in one or more individual workweeks during the prior three years;

    d.   Whether Defendant failed to pay Plaintiffs and the Collective Action Members overtime at one-and-one-half times their regular rates of pay when they worked more than forty (40) hours per week;

    e.   Whether Defendant's decision to classify Plaintiffs and the Collective Action Members as exempt employees was made in good faith; and

    f.   Whether Defendant willfully violated the FLSA by classifying Plaintiffs and the Collective Action Members as exempt employees.

81.     Defendant maintained one or more common job descriptions for Managed Care Employees.

82.     Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

83.     Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

84.     Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

85.     Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

### CLASS ACTION ALLEGATIONS

86.     Plaintiffs also seek class certification of the following state law class under Fed. R. Civ. P. 23:

> **All individuals employed by Defendant in Pennsylvania as Care Management Employees in the past three years who were paid a salary and were classified as exempt from overtime (the "Pennsylvania Class").**

87.     The Pennsylvania Class has more than 40 members.

88.     As a result, the Pennsylvania Class is so numerous that joinder of all members is not practical.

89.     There are questions of law or fact common to members of the Pennsylvania Class, including (1) whether the Pennsylvania Class members primarily performed non-exempt work; (2) whether Defendant violated the PMW by refusing to pay the Pennsylvania Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Pennsylvania Class members as exempt from the overtime provisions of the PMWA.

90.     Plaintiffs' overtime claims are typical of those of the Pennsylvania Class because they arise out of Defendant's uniform compensation practices.

91.     Defendant's defenses to Plaintiffs' PMWA claims are typical of its defenses to those of the Pennsylvania Class because they are grounded in the same compensation practices.

92.     Plaintiffs can fairly and adequately protect the interests of the Pennsylvania Class members because they are asserting the same claims as the Pennsylvania Class members.

93.     Plaintiffs can fairly and adequately protect the interests of the Pennsylvania Class members because Plaintiffs have no interests adverse to the Pennsylvania Class.

94.     Plaintiffs can fairly and adequately protect the interests of the Pennsylvania Class members because Plaintiffs have retained counsel experienced in class action employment litigation.

95.     The common questions of law and fact predominate over the variations which may exist between members of the Pennsylvania Class, if any.

96.     Plaintiffs and the members of the Pennsylvania Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

97.     If individual actions were required to be brought by each member of the Pennsylvania Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

98.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Pennsylvania Class is entitled.

99.     The books and records of Defendant are material to the Pennsylvania Class members' claims because they disclose the hours worked by each member of the Pennsylvania Class and the rates at which Pennsylvania Class members were paid.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(COLLECTIVE ACTION)**

12

100.    Plaintiffs incorporates here the previous allegations of this Complaint.

101.    This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

102.    Plaintiffs and Collective Action Members were not exempt from the overtime provisions of the FLSA.

103.    During the prior three years, Defendant suffered and permitted Plaintiffs and other Collective Action Members to work over 40 hours in one or more individual workweeks.

104.    Defendant paid Plaintiffs and other Collective Action Members a salary.

105.    Defendant did not pay Plaintiffs and other Collective Action Members one-and-one-half times their regular rates of pay for all time they worked over 40 hours in one or more individual workweeks.

106.    Defendant violated the FLSA by failing to pay overtime to Plaintiffs and other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

107.    Defendant's violations of the FLSA were willful.

## COUNT II
### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
### (CLASS ACTION)

108.    Plaintiffs incorporate here the previous allegations of this Complaint.

109.    Defendant violated the PMWA by failing to pay overtime to Plaintiffs and members of the Pennsylvania Class when they worked over 40 hours in individual workweeks.

110.    Defendant classified Plaintiffs and the members of the Pennsylvania class as exempt from the overtime provisions of the PMWA.

111.    Plaintiffs and members of the Pennsylvania Class were not exempt from the overtime provisions of the PMWA.

112.    Defendant suffered and permitted Plaintiffs and members of the Pennsylvania Class to work over 40 hours in one or more individual workweeks.

113.    Defendant violated the PMWA by failing to pay Plaintiffs and the Pennsylvania Class members overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members and the Pennsylvania Class members, seek a judgment against Defendant as follows:

A.    An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.    All unpaid overtime wages due to Plaintiff and the Collective Action Members;

C.    Pre-judgment and post-judgment interest;

D.    Liquidated damages equal to the unpaid overtime compensation due;

E.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F.    Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiffs demands a trial by jury.

Respectfully submitted,

14

/s/ *Joshua P. Geist*
Joshua P. Geist

Pa.I.D. #85745
Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
412-766-1455
412-766-0300 (fax)

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice
forthcoming*

**Attorneys for Plaintiffs and Others
Similarly Situated**

15

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government Plaintiff
❏ 2  U.S. Government Defendant
❏ 3  Federal Question *(U.S. Government Not a Party)*
❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice<br>**PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated New Drug Application<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC 3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit (15 USC 1681 or 1692)<br>❏ 485 Telephone Consumer Protection Act<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education<br>**PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr>
<td rowspan="6">

_____
*Plaintiff(s)*

v.

_____
*Defendant(s)*
</td>
<td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td>
<td>Civil Action No.</td>
</tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: